IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

- - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,  :
                           :
       Plaintiff,      :    Criminal No. 4:15-103
                           :
  vs.                      :
                           :
JESSE R. BENTON and        :    TRANSCRIPT OF TRIAL
DIMITRIOS N. KESARI,       :        VOLUME VII
                           :
       Defendants.     :
- - - - - - - - - - - - - - -X

                           Second Floor Courtroom
                           United States Courthouse
                           123 East Walnut Street
                           Des Moines, Iowa  50309
                           Wednesday, October 21, 2015
                           10:24 a.m.


BEFORE:  THE HONORABLE JOHN A. JARVEY, Chief Judge, and a Jury.


                      Terri L. Martin, CSR, RPR, CRR
                      United States Court Reporter
                       Room 189, U.S. Courthouse
                        123 East Walnut Street
                        Des Moines, Iowa  50309

```
APPEARANCES:

For the Plaintiff:            JONATHAN I. KRAVIS, ESQ.
                              U.S. Department of Justice
                              Criminal Division
                              10th and Constitution Avenue NW
                              John C. Keeney Building
                              Washington, D.C.  20530

                              RICHARD CHRISTIAN PILGER, ESQ.
                              U.S. Department of Justice
                              1400 New York Avenue NW
                              Suite 12100
                              Washington, D.C.  20005

For Defendant Benton:         ROSCOE C. HOWARD, JR., ESQ.
                              MEENA T. SINFELT, ESQ.
                              Barnes & Thornburg
                              1717 Pennsylvania Avenue NW
                              Suite 500
                              Washington, D.C.  20006

For Defendant Kesari:         JESSE RYAN BINNALL, ESQ.
                              Harvey & Binnall
                              717 King Street
                              Suite 300
                              Alexandria, Virginia  22314
```

```
 1                      P R O C E E D I N G S
 2              (In open court, out of the presence of the jury.)
 3              THE COURT:  Please be seated.
 4              So the jury has requested the testimony of David
 5   Mason.  I just drew up my suggested proposed response, but
 6   thought I would hear from you first.
 7              MR. KRAVIS:  The government has no objection to the
 8   proposed response.
 9              THE COURT:  Mr. Binnall?
10              MR. BINNALL:  We have no objection.
11              MR. HOWARD:  No objection, Your Honor.
12              THE COURT:  Okay.  Send the proposed answer back to
13   the jury.
14              Thanks.  We're in recess.
15              We'll start with the next hearing as soon as the
16   parties gather here.  Oh, it's not until 10:30.
17              MR. KRAVIS:  Thank you, Your Honor.
18              (Recess at 10:25 a.m. until 1:25 p.m.)
19              THE COURT:  Please be seated.
20              So you have a copy of the question, and it's a
21   difficult question to answer because there's not much to tell us
22   what's wrong.  I have two thoughts and I would entertain any
23   others.
24              The first thought is to simply say from your question,
25   it's difficult to respond because it's just not -- I just don't
```

1   understand what you're struggling with.

2              The second thought I have is to make the income tax
3   analogy, to say I make enough money to know that I have to file
4   an income tax return every year.  I know that I have to do it by
5   April 15th, but I don't know what law requires me to do it.  If
6   I fail to do it, you know, that's a willful failure to do so.
7   That might answer -- and then I might also say, whether or not
8   that analogy is analogous -- or whether or not that example is
9   analogous to the situation is for you to decide.

10             What's the government thought?

11             MR. KRAVIS:  May we have just one moment, please?

12             THE COURT:  Yes.

13             (Pause.)

14             THE COURT:  I'm just guessing that maybe they're
15  thinking, well, how can I know the law requires me to do it
16  without knowing what the law is.

17             MR. KRAVIS:  The government's position is the court
18  should give what the court just called the IRS instruction -- or
19  the IRS example.

20             MR. BINNALL:  I guess, not surprisingly, that's not
21  what we think is best under these circumstances.  We think the
22  court's first option is more appropriate here to get the proper
23  context or to allow us just a little while to flesh out a
24  possible example or instruction that would be a little bit more
25  instructive on that.  So the first one I think is acceptable.

1        MR. HOWARD:  Your Honor, I don't know the practice,
2   but would it be possible to maybe bring the jury in and to have
3   them explain --
4        THE COURT:  No.
5        MR. HOWARD:  That would have been my suggestion.
6        THE COURT:  Yeah, it would be wonderful to have that
7   kind of interrogation, but I just --
8        MR. HOWARD:  I wasn't thinking about interrogation.
9        THE COURT:  Sorry; conversation.
10       MR. HOWARD:  That was -- I mean, I think we're all
11  kind of struggling, at least I am, with what the problem is, and
12  I just thought a face-to-face with them --
13       MR. KRAVIS:  I just want to add that the government
14  believes that it might also be appropriate if the court does
15  give the IRS example that the court described a moment ago to
16  include something to the jury saying, if this does not --
17  without revealing anything about your deliberations, if this is
18  not helpful, can you please give us more guidance.
19       THE COURT:  Yeah, that's what I'm going to do.  I'm
20  going to ask -- I'm going to tell them that their question is
21  not specific enough to answer.  I'm going to give them the IRS
22  suggestion -- or the IRS example.  I'm going to tell them that
23  whether or not the IRS example is analogous to what's happening
24  in this case is for them to decide and to encourage them to give
25  me a more specific question.  That's what I'm going to do.

1    Thank you.
2    (Recess at 1:30 p.m., until 2:12 p.m.)
3    THE COURT: Be seated.
4    Thank you.
5    So you got the jury's message. If I took a verdict on
6    less than all counts, I would, of course, declare a mistrial,
7    hung jury on the rest of them.
8    What does the government want to do?
9    MR. KRAVIS: The government believes that a continuing
10   to deliberate instruction is appropriate at this time. This was
11   a fairly lengthy and complex trial, both in terms of the
12   testimony the court heard and the subject matter. The jury has
13   been deliberating for only about a half a day. That's the
14   government's position.
15   THE COURT: I'm inclined to agree with that. This is
16   not a lot of deliberation time for a case of this complexity.
17   What do you -- there's not much to say, is there,
18   Mr. Binnall, since that's what I think? Well, I mean, I know I
19   have the power to make them deliberate further, and they haven't
20   deliberated very long and the government doesn't want it, and
21   so --
22   MR. BINNALL: I understand the court's position. I
23   don't disagree. I think the only question is what language is
24   used; but I think just going back to deliberate is appropriate
25   at this point.

```
 1                THE COURT:  What do you think?
 2                MR. HOWARD:  Your Honor, it's not that we really
 3   object; but, obviously, we're only on one of the counts, and as
 4   we sit here, it's expensive for our client.
 5                THE COURT:  Yeah.  Are you asking for any other
 6   language other than this has not been lengthy deliberations for
 7   a case of this complexity?
 8                MR. KRAVIS:  Right, Your Honor, that's it.
 9                THE COURT:  You're not looking for any sort of Allen
10   charge like -- there's the language of there's no reason to
11   believe that the case if tried again would produce a different
12   result, could be tried in a more fair and efficient fashion, so
13   you are, therefore, to go back and attempt to arrive at a
14   verdict.
15                MR. KRAVIS:  We're not asking for that charge at this
16   time.
17                MR. HOWARD:  Yeah, Mr. Benton would believe that that
18   charge may be for later, but too early now.
19                MR. BINNALL:  Agree.
20                THE COURT:  Okay.  Where is Mr. Benton?
21                MR. HOWARD:  He's just across the street.
22                THE COURT:  Oh.  He has the right to attend these, and
23   I get nervous when --
24                MR. HOWARD:  And we understand.  The first note just
25   said you wanted to see the lawyers, I thought that's what you
```

1  said; but he's across the street.
2         THE COURT: All right. That's what I'm going to do.
3  I'm just going to send a more generic statement. Then I'll
4  count up the number of hours that they've deliberated and I'll
5  say that's not lengthy deliberations for a case of six counts of
6  this complexity.
7         MR. HOWARD: And, Judge, do you want Mr. Benton here?
8  I understand he's got --
9         MS. SINFELT: We'll just bring him back.
10        THE COURT: He has a right to be here. I've had cases
11 where people in the most benign of jury questions have not been
12 present and they've challenged it later, and I --
13        MR. HOWARD: Understand. We'll have him here.
14        THE COURT: If he doesn't want to be here, I would
15 like him to tell me he doesn't want to be here.
16        MR. HOWARD: I understand. Yes, sir.
17        (Recess at 2:17 p.m., until 4:43 p.m.)
18        THE COURT: Be seated. Thanks.
19        Wow. So we get this question from the jury and I've
20 proposed a response. Have you had a chance to look at it?
21        MR. KRAVIS: Yes, Your Honor.
22        THE COURT: What do you think?
23        MR. KRAVIS: The government has no objection to the
24 answer as drafted. The government would propose that the court
25 add to the end of the response the definition or summary of the

1   definition of willfulness that's set forth in the jury
2   instructions.  I know the jury already has that instruction, but
3   I think reminding them of the definition of willfulness may help
4   to be responsive to the questions.
5           THE COURT:  Mr. Binnall?
6           MR. BINNALL:  Your Honor, I think that the jury is
7   assuming in the two hypotheticals that it poses that willfulness
8   is an element of those crimes, and if willfulness was an element
9   of those crimes, those hypotheticals are correct.  So I think a
10  more appropriate response would be that if, hypothetically
11  speaking, willfulness was required for those two crimes, then
12  yes, the hypothetical posed by the jury would be correct and
13  that the defendants in those hypothetical choices would not be
14  guilty.
15          On top of that, Your Honor --
16          THE COURT:  But I want to get them to stop talking
17  about things that are familiar to them that are not analogous.
18  And the illegal possession of fireworks, for example, is just
19  not analogous.  So they should understand that that's where
20  their flaw is is that they're talking about willfulness in the
21  context of a crime that doesn't require such.
22          MR. BINNALL:  I understand, Your Honor.  But if
23  willfulness was an element -- and I think it's fine to point out
24  that in those particular crimes, the fireworks example,
25  willfulness is not an element, and I think it's fine to point

```
 1  that out.  But if it was, that would be correct.
 2              On top of that, we think that the language that we
 3  sent to the court by e-mail should also be included in the
 4  response as well to kind of flesh out exactly what willfulness
 5  is.
 6              THE COURT:  Mr. Howard?
 7              MR. HOWARD:  Your Honor, we did send over other
 8  language.  I guess the problem I have with the answer is that
 9  they're clearly stuck, and I don't know if this answer, this
10  proposed response is going to get them unstuck.  And I guess I
11  would recommend either giving them -- I don't know, I certainly
12  appreciate sending the definition again, but clearly that didn't
13  help the first time.  We did recommend other language that we
14  thought might help them through it, or hypothetical.  It's just
15  whatever we do instead of saying this is not apropos, I thought
16  we should send something that at least pushes them in a
17  direction, even if it's you need to stop using hypotheticals
18  that are familiar to you, trying to get through this.  I just
19  think they need a little more direction as opposed to saying
20  you're wrong, you're wrong, you're wrong.
21              MR. KRAVIS:  I'm sorry, Mr. Howard.
22              MR. HOWARD:  No, go ahead.
23              MR. KRAVIS:  I was going to say I noticed something in
24  reading the hypotheticals that the jury poses that I hadn't
25  noticed the first time is that both hypotheticals speak of a
```

1 person being guilty of a crime but not willfully guilty.  I
2 completely understand the court's point about not encouraging
3 the jury to discuss crimes that are not analogous and are not
4 helpful examples; but I wonder if it might be helpful in
5 responding to the question to include language that makes clear
6 to the jury that it is not a question of being guilty but not
7 willfully guilty for the charges set -- for the instructions --
8 as the instructions set forth, willfulness is an element of some
9 of the charges, and so --
10             THE COURT:  I think he's right about that.  I think
11 he's right, that willfully guilty is just an oxymoron.  It just
12 doesn't make sense.
13             MR. HOWARD:  Right.
14             THE COURT:  And I will tell them that.
15             MR. BINNALL:  That's correct.
16             THE COURT:  And I will include the language in there
17 about it not being -- the concept of willfulness excluding
18 negligence as you proposed after I sent my answer to the last
19 jury question.
20             MR. HOWARD:  All right.
21             MR. BINNALL:  Thank you, Your Honor.
22             THE COURT:  So I'm going to respond as I've proposed,
23 and then I'm going to have a paragraph that says, in short, the
24 element of willfulness requires that a person know that his
25 conduct violates the law even if he doesn't know the precise

1  name or citation of the law he has violated.
2           All right.  That's what I'm going to do.  And then I'm
3  going to include that other language I set out.
4           MR. HOWARD:  Thank you.
5           MR. BINNALL:  Thank you.
6           (Recess at 4:49 p.m.)