1153

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

- - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,   :
                            :
        Plaintiff,          :   Criminal No. 4:15-103
                            :
    vs.                     :
                            :
JESSE R. BENTON and         :   TRANSCRIPT OF TRIAL
DIMITRIOS N. KESARI,        :       VOLUME VIII
                            :
        Defendants.         :
- - - - - - - - - - - - - - -X

                            Second Floor Courtroom
                            United States Courthouse
                            123 East Walnut Street
                            Des Moines, Iowa  50309
                            Thursday, October 22, 2015
                            10:20 a.m.

BEFORE:   THE HONORABLE JOHN A. JARVEY, Chief Judge, and a Jury.

                    Terri L. Martin, CSR, RPR, CRR
                     United States Court Reporter
                      Room 189, U.S. Courthouse
                       123 East Walnut Street
                       Des Moines, Iowa  50309

```
APPEARANCES:

For the Plaintiff:          JONATHAN I. KRAVIS, ESQ.
                            U.S. Department of Justice
                            Criminal Division
                            10th and Constitution Avenue NW
                            John C. Keeney Building
                            Washington, D.C.  20530

                            RICHARD CHRISTIAN PILGER, ESQ.
                            U.S. Department of Justice
                            1400 New York Avenue NW
                            Suite 12100
                            Washington, D.C.  20005

For Defendant Benton:       ROSCOE C. HOWARD, JR., ESQ.
                            MEENA T. SINFELT, ESQ.
                            Barnes & Thornburg
                            1717 Pennsylvania Avenue NW
                            Suite 500
                            Washington, D.C.  20006

For Defendant Kesari:       JESSE RYAN BINNALL, ESQ.
                            Harvey & Binnall
                            717 King Street
                            Suite 300
                            Alexandria, Virginia  22314
```

```
 1                    P R O C E E D I N G S
 2            (In open court, out of the presence of the jury.)
 3            THE COURT:  Please be seated.
 4            Big surprise, another question.  Wow.
 5            So I attempted to answer it using their words and
 6   rephrasing, that was the intent.  What do you think?
 7            MR. KRAVIS:  The government has no objection to the
 8   court's drafted answer.  The government proposes adding one
 9   additional sentence to the end of the answer.  The sentence is:
10   "In determining whether the defendants acted willfully, you may
11   consider evidence of the defendant's words, acts or omissions
12   along with all of the other evidence."
13            That's language that appears in the court's jury
14   instruction on intent or knowledge.  It did not appear in the
15   instruction on willful, but I believe it's equally applicable to
16   that concept.  And the reason the government is proposing this
17   sentence is just as a means to sort of draw to the attention of
18   the jury the idea that they may in answering the question of
19   willfulness find it helpful to sort of go back to the evidence
20   that they saw and heard during the course of the trial as
21   opposed to continuing to formulate abstract questions.  That is
22   sort of drawing their attention to the evidence that they may
23   use to consider how they would decide the willfulness, the
24   willfulness element in light of the answers that the court has
25   given to their questions on the law.
```

1        THE COURT:  Mr. Binnall.

2        MR. BINNALL:  Thank you, Your Honor.

3        We do not object to the court's answer.  We do object
4   to the extra sentence added by the government.  It's already in
5   a particular jury instruction and we do not think that it is
6   fully applicable.  And, of course, we haven't had the
7   opportunity to argue to the jury about what this would actually
8   mean, and so it's a little -- it changes the terrain, so to
9   speak, too much for what they should consider.  We don't believe
10  it's fully accurate.  But the court's response we have no
11  objection to.

12       THE COURT:  Mr. Howard.

13       MR. HOWARD:  Your Honor, actually we think the court's
14  response is fine.  And I understand Mr. Kravis's position; but
15  the problem I have with it is that it's not responsive to their
16  question, and they seem to be deliberating and understanding
17  that there's stuff on willfulness.  But they asked a question
18  and I thought your answer was exactly what they're looking for.
19  I think adding something might cause more questions in the
20  deliberation that is going on, so we would object to the
21  government's suggestion of adding that.  We would have no
22  objection to what you have proposed.

23       THE COURT:  I'm going to add the government's
24  language.  I think it would direct them back to the evidence,
25  which is where they need to be.

```
 1                    (Recess at 10:25 a.m., until 11:24 a.m.)
 2                    (In open court, out of the presence of the jury.)
 3              THE COURT:  Please be seated.
 4              So you received the note from the jury.  What's the
 5    government's position?
 6              MR. KRAVIS:  The government requests an Allen charge.
 7              THE COURT:  Mr. Binnall?
 8              MR. BINNALL:  We oppose an Allen charge, Your Honor.
 9    We think at this point they have taken things very seriously.
10    It's very clear from their notes back and forth that they've
11    taken these issues very seriously, and at this point I think
12    it's best to just go ahead and take the verdicts on what they
13    have and take mistrials on the other.
14              THE COURT:  Mr. Howard?
15              MR. HOWARD:  I would echo Mr. Binnall's comments.  We
16    would ask for return of the three verdicts that are there.  We
17    understand we're only on one -- and obviously we don't know the
18    counts -- and then Mr. Binnall is on the others.
19              THE COURT:  So the jury told us yesterday, in essence,
20    they were deadlocked on three of the six counts.  I've told them
21    to continue deliberating.  It was obvious from the number and
22    the subject matter of the questions that they were trying very
23    hard, and they've now had two nights to sleep on this and the
24    tenor of the note says -- describes the seriousness and the
25    hopelessness of arriving at a verdict on the remaining three
```

1    counts.
2             Under those circumstances, I declare a mistrial on the
3    three counts and will accept their verdict on the other three.
4             Ms. Clerk, go get the jury.  Tell them to bring the
5    filled in verdict form with them.
6             (Pause.)
7             Did we see from earlier notes -- yes, Mr. Dark is the
8    foreperson.
9             (Pause.)
10            THE COURT:  If anyone wishes to have the jury polled,
11   I'm expecting you to stand up and request it.
12            MR. HOWARD:  Yes, sir.
13            MR. BINNALL:  Yes, Your Honor.
14            (Pause.)
15            THE COURT:  Before the jurors come in, they just asked
16   my clerk if they're to leave the form blank on the counts to
17   which they can't reach a verdict in.
18            (Pause.)
19            (In open court, in the presence of the jury.)
20            THE COURT:  Please be seated.
21            Mr. Dark, you are the foreperson of the jury?
22            FOREPERSON DARK:  Yes, sir.
23            THE COURT:  As I understand it, the jury has reached
24   unanimous verdicts on three of the six counts; is that correct?
25            FOREPERSON DARK:  That's correct.

```
 1              THE COURT:  Unanimous meaning everybody agrees to the
 2   decision on those three counts?
 3              FOREPERSON DARK:  Correct.
 4              THE COURT:  And that the jury is hung or deadlocked on
 5   the other three which were not resolved, correct?
 6              FOREPERSON DARK:  That's correct.
 7              THE COURT:  Ms. Clerk, get the verdict form from the
 8   foreperson.
 9              THE COURT:  Count 1, conspiracy, the juror is hung.
10              Count 2, causing false records.  With regard to the
11   crime of causing false records, as charged in Count 2 of the
12   indictment, we, the jury, find the defendant, Dimitrios N.
13   Kesari, guilty.
14              Count 3, the jury is hung.
15              Count 4, the jury is hung.
16              Count 5, false statements to law enforcement.  With
17   regard to the crime of false statements to law enforcement, as
18   charged in Count 5 of the indictment, we, the jury, find the
19   defendant, Jesse R. Benton, not guilty.
20              Count 6, obstruction of justice.  With regard to the
21   crime of obstruction of justice, as charged in Count 4 of the
22   indictment -- should have been 6 of the indictment, we find the
23   defendant Dimitrios N. Kesari not guilty.
24              It's signed by the foreperson and by the other nine
25   jurors of the jury.
```

1    	The clerk of court shall publish the verdict and make
2  it available for public inspection filing to make it public.
3    	Members of the jury, on behalf of the court for the
4  Southern District of Iowa, I wish to thank you for your service
5  in this case.  I'm going to meet with you back in the jury room
6  for just a few minutes afterwards just to visit with you about
7  it and thank you more personally, but I wanted to thank you
8  publicly.
9    	When our country's independence was won, our
10 forefathers included within the United States Constitution the
11 Sixth Amendment, part of the Bill of Rights which guarantees
12 that a case like this would not be resolved by a king or a
13 president or a judge or a doctor, but by people selected at
14 random from the community.
15   	And so through your service here this last week or so,
16 you've lived out our United States Constitution and perhaps our
17 most tangible form of self government, and for that we thank
18 you.
19   	You're excused at this time.  You can again take your
20 notes with you.  I'm going to meet with you back in the jury
21 room and we'll just have a little more private session at that
22 time, and I'll be there in just one moment.  There are a couple
23 of other matters I need to take care of.
24   	Thanks.  You're excused.
25   	(Jury excused.)

1        (In open court, out of the presence of the jury.)
2        THE COURT:  Please be seated.
3        Mr. Benton, you're free to go.  The conditions of
4   release previously imposed are now exonerated by reason of your
5   acquittal.
6        What's the government's position concerning bond for
7   Mr. Kesari?
8        MR. PILGER:  PR bond is fine, Your Honor, with
9   surrender of the passport continuing.  We ask that he surrender
10  his passport to pretrial services.
11       THE COURT:  Do you have a passport?
12       DEFENDANT KESARI:  I've already surrendered it.
13       THE COURT:  You're released on the same terms and
14  conditions as previously imposed.
15       So we'll be looking for the government in the next ten
16  days to tell us what their plans are for the future here,
17  whether retrial needs reindictment on the others, whatever.
18       MR. PILGER:  Very well, Your Honor.
19       THE COURT:  Ten days?
20       MR. PILGER:  Yes.
21       THE COURT:  Thank you.
22       We're in recess.
23       (Proceedings concluded at 11:37 a.m.)
24
25

C E R T I F I C A T E

       I, the undersigned, a Certified Shorthand Reporter of the State of Iowa, do hereby certify that I acted as the official court reporter at the hearing in the above-entitled matter at the time and place indicated.

       That I took in shorthand all of the proceedings had at the said time and place and that said shorthand notes were reduced to computer transcription under my direction and supervision, and that the foregoing computer transcription pages are a full and complete transcript of the shorthand notes so taken.

       Dated at Des Moines, Iowa, this 22nd day of October, 2015.

/s/ Terri L. Martin
CERTIFIED SHORTHAND REPORTER