IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal No. 4:15-CR-103-JAJ-HCA |
| v. | ) | |
| | ) | GOVERNMENT'S OPPOSITION TO |
| JESSE R. BENTON, | ) | PLACING PREEMPTIVE RESTRICTIONS |
| JOHN TATE, and | ) | ON THE USE AND EVIDENTIARY |
| DIMITRIOS N. KESARI | ) | ADMISSIBILITY OF AN ATTORNEY |
| | ) | PROFFER IN SUPPORT OF DEFENDANT |
| Defendants. | ) | TATE'S MOTION TO SEVER (DKT. 395) |

Defendant John Tate has moved to sever his trial from that of defendant Dimitri Kesari, in order to call defendant Kesari as a witness (Dkt. 395).  Defendant Tate concedes that the current record is insufficient to support severance on this ground, and seeks "the Court's guidance in presenting sufficient information for the Court to evaluate" his motion (Dkt. 395-1 at 4).  According to defendant Tate, "[c]ounsel for Mr. Kesari would agree to make a proffer of Mr. Kesari's testimony so long as the parties, including the Government, would agree that such a proffer would not be a waiver of Mr. Kesari's rights or privilege" (Dkt. 395-1 at 3 n.2).

The law does not support placing preemptive restrictions on the use and evidentiary admissibility of an attorney proffer in support of severance.  Such a procedure would be akin to a rule of *per se* inadmissibility or a grant of judicial immunity, which courts have rejected.  Moreover, the law affirmatively provides that authorized statements by agents, including attorneys, are admissible against the principal.  Accepting the conditions the defendants seek to place on a proffer would achieve nothing more than cloaking defendant Kesari in a shield against self-incrimination, while arming him and defendant Tate with a sword to pierce the well-established policy favoring a joint trial.  At bottom, if defendant Kesari is unwilling to accept the potential ramifications accompanying a proffer of his anticipated testimony, he cannot be deemed sufficiently "willing" to testify for defendant Tate, a requisite initial showing to support severance.

*Discussion*

Under Federal Rule of Evidence (FRE) 801(d)(2), an opposing party's statement may be used against him where, among other instances, the statement "(C) was made by a person whom the party authorized to make a statement on the subject;" or "(D) was made by the party's agent or employee on a matter within the scope of that relationship and while it existed."  A statement by a person's attorney that satisfies these circumstances is not barred from admissibility by the mere fact that the authorized representative or agent is an attorney, as opposed to some other type of agent.  For example, in *United States v. Ojala,* 544 F.2d 940, 946 (8th Cir. 1976), the Eighth Circuit affirmed a district court's decision to admit an attorney's inculpatory admissions to IRS agents on his client's behalf, where "the statements were made in an unequivocal manner by one who was acting as [defendant's] attorney at the time, and they were referred to a matter within the scope of the attorney's authority."  The court noted, similar to the case of any proffer by defendant Kesari's attorney, that "[t]he statements were made to a government agent in [defendant's] presence and he registered no objection or complaint at the time."  *Id.* (citation omitted); *see also United States v. Garbett*, 867 F.2d 1132, 1135-36 (8th Cir. 1989) (recognizing that an attorney's statement to police officers during a search warrant of his client's home would be admissible under FRE 801(d)(2)(D) if it "was made within the scope of [the attorney's] employment"); *United States v. Parsons*, 646 F.2d 1275, 1277-78 (8th Cir. 1981) (affirming district court's admission of a bankruptcy petition executed by defendant's attorney under FRE 801(d)(2)).

The fact that a proffer from the Kesari camp in support of defendant Tate's severance motion may come in the form of an "attorney proffer" to this Court extends it no special protection under the law.  In holding that an attorney's admission in an opening statement that his client had a prior conviction for selling liquor was admissible against the client in a second trial, the Eighth

Circuit observed that, "[t]here is no particular form that an admission is required to take. If the intent can be ascertained from the words used, the form in which they are placed is of no significance." *Dick v. United States*, 40 F.2d 609, 611 (8th Cir. 1930). The court elaborated that the attorney's statement was properly admissible in the second trial, because "[c]ounsel expressly stated" that his client had a prior conviction and the client "acquiesced" in the statement through his silence. *Id.* As a result, "[t]here [could] be no doubt that the statement was made in the course of the trial for the express purpose, and with the hope, of dispensing with proof on that subject." *Id.* Similarly, here, a proffer by defendant Kesari's attorney in support of severance would necessarily be express and specific, defendant Kesari would be present to hear the proffer and have the opportunity acquiesce in it or disavow it, and the proffer would be made to a judicial officer for a clear purpose that defendant Kesari evidently wants to achieve, that is, to secure a severance so that he can testify on behalf of defendant Tate.

This is not to say that this Court must decide now whether a proffer by defendant Kesari's attorney would be admissible against him in a trial. But it is to say that this Court should resist defendant Tate and defendant Kesari's request that the use and evidentiary admissibility of an attorney proffer be restricted before it is even made. No legal authority or policy consideration supports doing so, which would be tantamount to granting "judicial immunity," a concept the Eighth Circuit has "consistently refused to recognize." *United States v. Stewart*, 122 F.3d 625, 627 (8th Cir. 1997) ("Use immunity can be granted only when formally requested by the Attorney General, and the district court is without power to force the government to grant a witness immunity.") (citation omitted). Indeed, preemptively restricting the use and evidentiary admissibility of an attorney proffer in support of severance would threaten the integrity of the

3

judicial process, as illustrated by the reasoning of the Second Circuit in *United States v. McKeon*,

738 F.2d 26 (2d Cir. 1984).

In *McKeon*, the court considered whether an opening statement by a defense attorney in a

prior criminal trial should be *per se* inadmissible for evidentiary purposes in a subsequent trial. *Id.*

30-34. The Second Circuit rejected the doctrine of *per se* inadmissibility, explaining:

> We believe that prior opening statements are not *per se* inadmissible in criminal
> cases. To hold otherwise would not only invite abuse and sharp practice but would
> also weaken confidence in the justice system itself by denying the function of trials
> as truth-seeking proceedings. That function cannot be affirmed if parties are free,
> wholly without explanation, to make fundamental changes in the version of facts
> within their personal knowledge between trials and to conceal these changes from
> the trier of fact.

*Id.* at 31; *see also id.* (comparing this principle to civil cases, where superseded pleadings can be

used as admissions on the ground that "[a] party cannot advance one version of the facts in its

pleadings, conclude that its interests would be better served by a different version, and amend its

pleadings to incorporate that version, safe in the belief that the trier of fact will never learn of the

change in stories").[1] Similarly, here, preemptively restricting the use and evidentiary admissibility

of a proffer of defendant Kesari's anticipated testimony would invite the sort of gamesmanship

criticized in *McKeon*, which undermines the truth-seeking function inherent in—and essential to—

a criminal trial. It would be inimical to the adversary system to afford defendant Kesari the ability

to proffer one set of facts to this Court in support of defendant Tate's severance motion, while

---

[1] In *McKeon*, the Second Circuit noted that "the evidentiary use of a prior jury argument must be circumscribed in order to avoid trenching upon other important policies," such as the concern that "the free use of prior jury argument may deter counsel from vigorous and legitimate advocacy." 738 F.2d at 32. Such a concern does not prevail here, where an attorney proffer in support of severance would involve facts obtained from defendant Kesari, not an attorney's advocacy about how to interpret those facts. Moreover, the Second Circuit reconciled these concerns by holding that a prior jury address could be admitted as evidence only where "[s]ome participatory role of the client [is] evident, either directly or inferentially, as when the argument is a direct assertion of fact which in all probability had to have been confirmed by the defendant." *Id.* at 33. Here, a proffer would involve a "direct assertion of fact" confirmed by defendant Kesari.

escaping the ramifications of those facts, attempting to refute or disavow those facts, or testifying to different facts altogether in a jury trial.

Finally, to obtain severance for the purpose of presenting a co-defendant's testimony, there must be a "firm representation" on the record "that [the] co-defendant would be willing to testify on the defendant's behalf." *United States v. Crumley*, 528 F.3d 1053, 1063 (8th Cir. 2008) (internal quotation marks omitted) (*see also* Dkt. 402).  Although defendant Kesari's counsel has stated that his client is willing to testify for defendant Tate, he is only willing to proffer what that testimony would be—which is essential to deciding whether severance is warranted—if "the parties, including the Government, would agree that such a proffer would not be a waiver of Mr. Kesari's rights or privilege" (Dkt. 395-1 at 3 n.2).  Such a condition hardly constitutes the "firm representation" necessary to establish the willingness requirement.

### *Conclusion*

This Court should refuse to impose preemptive restrictions on the use and evidentiary admissibility of a proffer by defendant Kesari's attorney in support of defendant Tate's severance motion.  Such restrictions are unsupported by the law and contrary to sound policy considerations.

Respectfully submitted,

RAYMOND N. HULSER
Chief, Public Integrity Section

By:      /s/ J.P. Cooney           
Richard C. Pilger
Director, Election Crimes Branch
J.P. Cooney
Deputy Chief
Public Integrity Section
Criminal Division
United States Department of Justice
Criminal Division
Tel. (202) 514-1412 (office)
Fax: (202) 514-3003

Email:   richard.pilger@usdoj.gov
        joseph.cooney2@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on January 28, 2016, I
electronically filed the foregoing with the
Clerk of Court using the CM/ECF system.  I hereby
certify that a copy of this document was served
on the parties or attorneys of record by:

_____U.S. Mail _____ Fax _____Hand Delivery


  X   ECF/Electronic filing     _____Other means


RAYMOND N. HULSER
Chief, Public Integrity Section

By:      /s/  J.P. Cooney_____
        Richard C. Pilger
        Director, Election Crimes Branch
        J.P. Cooney
        Deputy Chief
        Public Integrity Section
        Criminal Division
        United States Department of Justice