## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOURTHERN DISTRICT OF IOWA
## CENTRAL DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **FILED UDER SEAL** |
| **Plaintiff,** | |
| **vs.** | **No.  4:15-CR-103-JAJ** |
| **JESSE R. BENTON,**<br>**JOHN F. TATE, and**<br>**DIMITRIOS N. KESARI,** | **DIMITRIOS KESARI'S**<br>**MEMORANDUM IN SUPPORT OF**<br>**HIS MOTION TO DISMISS FOR**<br>**PROSECTORIAL MISCONDUCT** |
| **Defendants.** | **ORAL ARGUMENT REQUESTED** |

For the third time in this case, the government has breached a defendant's proffer agreement. By using Dimitrios Kesari's proffer statements in resisting John Tate's Motion to Sever, the government violated the terms of the proffer agreement ("Agreement") that they entered into with Mr. Kesari, which is attached as Exhibit A. With PowerPoint presentation in hand, and over Mr. Kesari's objections, the Government came to the February 4, 2016 hearing ready and willing to share Mr. Kesari's immunized statements with the Court in a public hearing and in the presence of the news media. Mr. Kesari now comes

before this Court seeking to enforce his rights and hold the government to the strict language of the Agreement. Consequently, the remaining counts of the Indictment against Mr. Kesari should be dismissed, with prejudice.

## BACKGROUND

The government and Mr. Kesari entered into the Agreement at a proffer session on January 8, 2014. Before presenting Mr. Kesari with the agreement, the government represented that the terms were determined by Department of Justice policy and were not subject to negotiation. Paragraph 5 of the Agreement provides that:

> Should any prosecution of Dimitrios Kesari be undertaken, the United States may use Dimitrios Kesari's statements as substantive evidence for the purposes of cross-examination of him/her [sic] should Dimitrios Kesari testify at any phase of trial or sentencing. The United States may also use Dimitrios Kesari's statements as substantive evidence to rebut any evidence, factual assertions, or arguments offered by or on behalf of Dimitrios Kesari at any phase of trial or sentencing."

The Agreement does not, however, have any provision that allows the government to use the statements in pre-trial proceedings or motions. Moreover, there is no provision that would allow the government to use the statements against Mr. Kesari's co-defendants in a proceeding in which Mr. Kesari himself remains a defendant.

Nevertheless, the government was not to be deterred by the plain language of the Agreement. It came to the February 4, 2016 hearing on

Mr. Tate's Motion to Sever before Magistrate Judge Adams with a prepared PowerPoint presentation that included statements from Mr. Kesari. It also quoted Mr. Kesari on several occasions throughout its argument against severance. The transcript of that hearing is attached as Exhibit B.

## ARGUMENT

Agreements between defendants and the government are generally interpreted according to general contract principals. *United States v. Perry*, 640 F.3d 805, 811 (8th Cir. 2011).[1] The agreement is viewed as a whole and ambiguities are construed against the government. *Id.* 869 F.2d at 813; *see also Ratti*, 365 F. Supp. 2d at 662  (ambiguities are construed strictly against the government because of its superior bargaining power). Due process requires the government to adhere to the terms of any plea barging or immunity agreement it makes, as a defendant's decision to give such statements requires him to sacrifice his Fifth Amendment rights. *United States v. Harvey,* 869 F.2d 1439,

---

[1] One district court has persuasively explained that principals of contract law are supplemented by the understanding that the rights at stake are constitutional in nature and thus different from commercial contracts. Additionally, that court explained that in federal prosecutions "the courts' concerns run even wider than protection of the defendant's individual constitutional rights—to concerns for the honor of the government, public confidence in the fair administration of justice, and the effective administration of justice in a federal scheme of government." *United States v. Ratti*, 365 F. Supp. 2d 649, 662 (D. Md. 2005). These concerns are especially valid when the government is accused of violating a proffer agreement for the third time in the same case.

1443 (11th Cir. 1989). When the government fails to uphold its part of the bargain, courts may enforce the agreement by dismissing the indictment. *United States v. Brown*, 801 F.2d 352, 355 (8th Cir. 1986).[2]

The government chose the language of the Agreement. Indeed, it used its superior bargaining power to make clear that there was no room for negotiating terms. It must live with the document as it is written, not as how it now wishes that it was written. The Agreement provides that it can use the statements "at any phase of trial or sentencing." Specifically omitted is any mention of pre-trial proceedings or motions. Indeed, the language recognizes that there are multiple phases of criminal proceedings by delineating between trial and sentencing. If it wanted the right to use Mr. Kesari's statements in pre-trial matters, then it could have included appropriate language in the Agreement. It failed to do so.

Moreover, the government failed to include any language in the Agreement that would allow them to use Mr. Kesari's proffer statements against his co-defendants at proceedings in which Mr. Kesari is also a defendant. Such an argument seeks to create a backdoor into releasing Mr. Kesari's immunized statements to the Court. Unfortunately for the

---

[2] As the Court is aware, Defendant Tate explained in great detail the legal issues at play in the violation of proffer agreements in his Memorandum in Support of John M. Tate's Motion to Dismiss for Prosecutorial Misconduct, Dkt. 176 and his Reply Memorandum, Dkt 230. Rather that engage in an extended discussion of legal issues that have previously been fully briefed, Mr. Kesari incorporates the legal arguments of Mr. Tate into this brief.

government, nothing in the Agreement provides for such use. Paragraphs 4 and 5 of the Agreement provide the only situations in which the government may use the statements, if at all. Because the Agreement is strictly construed against the government, no further use is permissible.

The government anticipated using the proffer statements in advance of the February 4, 2016 hearing. Indeed, it took the time to prepare a PowerPoint presentation highlighting statements from the proffer session. It failed, however, to take any pre-hearing steps to put either the court or the defendants on notice that it planned on offering the statements in resisting Mr. Tate's motion. If it had done so, then the Court would have had an opportunity to take prophylactic measures to fully adjudicate the matter before the proverbial genie was released from the lamp. Instead, it ambushed the defendants and the Court with the statements and unilaterally decided that its interpretation of the Agreement allowed for the use of the statements.

Mr. Kesari is entitled to have his contract with the Government enforced. Had he known the government would breach the Agreement, he never would have sacrificed his Fifth Amendment rights. He now asks the Court to hold the government accountable for its breach.

The use of Mr. Kesari's statements in the proffer session and open court was a breach of the agreement and his Fifth Amendment rights

against self-incrimination. The appropriate remedy is a dismissal Counts I, III, and IV against Mr. Kesari. Because of the important constitutional rights at issue in this motion, Mr. Kesari requests oral argument on this motion. [3]

Dated:  February 17, 2016

**DIMITRIOS KESARI**
**By Counsel**

HARVEY & BINNALL, PLLC

/s/ Jesse R. Binnall

_____

Jesse R. Binnall
717 King Street, Suite 300
Alexandria, Virginia  22314
(703) 888-1943
(703) 888-1930 – facsimile
jbinnall@harveybinnall.com
*Counsel for Dimitrios Kesari*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 17, 2016, I filed the foregoing using the Clerk's CM/ECF system, which will provide notice to all counsel of record.

/s/ Jesse R. Binnall

_____

---

[3] Because the breach of the Agreement happened in open Court and on the record, Mr. Kesari's position is that an evidentiary hearing pursuant to *Kastigar v. United States*, 406 U.S. 441 (1972) is unnecessary unless the Court finds that material facts are in dispute.