

**U.S. Department of Justice**

Criminal Division

---

Public Integrity Section                                    Washington, D.C. 20530

February 24, 2016

VIA FEDERAL EXPRESS
David Warrington, Esq.
Laurin Mills, Esq.
Brian Stolarz, Esq.
Paris Sorrell, Esq.
LeClair Ryan
Counsel for John Tate

        Re:    *United States v. Jesse Benton et al.*, Cr. No. 4:15-CR-103

Dear Counsel:

        On February 16, 2016, it came to our attention that, on February 12, 2016, you served a government witness, Kent Sorenson, and his attorney, Montgomery Brown, with Subpoenas to Testify at a Hearing or Trial in a Criminal Case, commanding that they "appear in the United States district court at the time, date, and place shown below to testify . . ." and to "remain at the court until the judge or a court officer allows [them] to leave." The subpoena also commands them to bring specific documents, which "reflect any meetings between Kent Sorenson and any representative from the United States government . . . regarding this case" (*see* Dkt. 427, 428).

        The subpoenas command appearance in Room 265 of the U.S. District Court in Des Moines, at 9:00 a.m. on March 1, 2016. As you are aware, no hearing or trial is scheduled for that date. *See, e.g., United States v. LaFuente*, 991 F.2d 1406, 1411-12 (8th Cir. 1993) ("The practice of using trial subpoenas to attend pretrial conferences is impermissible under Rule 17 of the Federal Rules of Criminal Procedure."); *see also United States v. Nixon*, 418 U.S. 683, 699-700 (1974) (noting that a party seeking pretrial production of documents under a Rule 17 subpoena must demonstrate, among other pertinent factors, that the information sought is "not otherwise procurable reasonably in advance of trial by exercise of due diligence").

        Nevertheless, it is apparent from your subpoena that you wish to know all the dates on which Kent Sorenson met with government representatives, regardless whether agent notes or FD-302s were generated. You have not asked the government for this information, even after we inquired last week about your use of a trial subpoena with a March 1, 2016, return date. Nonetheless, we are happy to provide the information to you. Below, please find a list of the dates on which we are aware that government representatives had substantive contact with Mr. Sorenson. Also, enclosed please find a copy of all the FD-302s and agent notes pertaining to meetings with Mr. Sorenson, all of which were previously disclosed to you, except for notes of meetings with

Mr. Sorenson on October 12, 2015 (which were disclosed during trial to counsel for the co-defendants), and February 4, 2016. The bates range for this production is PIN-00658660 through PIN-00658846. The below list of meetings does not contain incidental contact with Mr. Sorenson, such as phone calls to schedule meetings or to inform him of when to report to court. There were two meetings between government representatives and Mr. Sorenson that did not generate agent notes or FD-302s, on October 9 and October 14 or 15, 2015. Both of these meetings were in preparation for Mr. Sorenson's testimony and he made no statements inconsistent with or different from statements he had made on prior occasions.

| Date | Government Representatives | FD-302 | Agent Notes |
|---|---|---|---|
| December 4, 2013 | Karen LoStracco | X | X |
| July 24, 2014 | Karen LoStracco<br>Manik Sahaghian<br>Richard Pilger<br>Robert Higdon | X | X |
| August 25, 2014 | Karen LoStracco<br>Manik Sahaghian<br>Richard Pilger<br>Robert Higdon | X (two 302s) | X |
| September 24, 2014 | Karen LoStracco<br>Richard Pilger<br>Robert Higdon | X | X |
| March 18, 2015 | Karen LoStracco<br>Robert Higdon | X | X |
| March 25, 2015 | Frank D'Amico<br>Robert Higdon | X | X |
| October 9, 2015 | Karen LoStracco<br>Richard Pilger<br>Jonathan Kravis | n/a | n/a |
| October 12, 2015 (phone) | Karen LoStracco | X | X |
| October 12, 2015 (in person) | Karen LoStracco<br>Richard Pilger<br>Jonathan Kravis | X | X |
| October 14 or 15, 2015 | Frank Damico<br>Richard Pilger | n/a | n/a |
| February 4, 2016 | Karen LoStracco<br>Richard Pilger<br>J.P. Cooney<br>Bennett Starnes | X | X |

Separate and apart from this, on February 23, 2016, you sent a letter informing us that you were missing the material from the government's 21-page January 15, 2016, production, which

includes documents bates stamped PIN-00658624 through PIN-006654645. You are correct that you did not receive that production – we discovered today that we failed to transmit it. The production is enclosed, along with a revised Discovery Log reflecting the above production.

Pursuant to Federal Rule of Criminal Procedure 12(b)(4), the government may use any of these materials as evidence in its case-in-chief at trial, to the extent its admission is consistent with the nature of the item under the Federal Rules of Evidence. (To the extent that any of the material provided by the government in discovery is subject to motions practice, this Rule 12(b)(4) notice is conditional on the outcome of those motions.)

Having provided these materials to you pursuant to Rule 16(a), we reiterate our request for reciprocal discovery pursuant to Rules 16(b), 12.1, and 12.2. Specifically, the United States requests that you provide reciprocal discovery of documents, tangible objects, the results of examinations or tests, and a written summary of the testimony of any expert witness that you intend to use, as required by Rule 16(b)(1)(A)-(C), including any documents you receive from Verizon, pursuant to the subpoena you served on it on February 5, 2016 (Dkt. 429). We further request, pursuant to Rule 12.1, written notice of any intention to offer an alibi defense. For purposes of this request, the United States incorporates herein the dates, times, and places specified in the superseding indictment returned in this matter. We further request, pursuant to Rule 12.1, notice of your intent to introduce expert testimony relating to any mental condition bearing on the issue of guilt.

Please do not hesitate to contact us if you have any questions about this information.

Sincerely,

Richard C. Pilger
Election Crimes Director
J.P. Cooney
Deputy Chief
Public Integrity Section
U.S. Department of Justice

cc: Angela Campbell, Esq.
Gary Dickey, Esq.
Dickey & Campbell, LLP
Counsel for Jesse Benton
(with enclosures)

Jesse Binnall
Susannah Smith
Harvey & Binnall, PLLC
Counsel for Dimitri Kesari
(with enclosures)

3

F. Montgomery Brown
Counsel for Kent Sorenson
(without enclosures)