IN THE UNITED STATES DISTRICT COURT
FOR THE SOURTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | No.  4:15-CR-103-JAJ |
| vs. | |
| **JESSE R. BENTON,** **JOHN F. TATE,** and **DIMITRIOS N. KESARI,** | **DIMITRIOS KESARI'S MOTION REGARDING FAILURE OF GOVERNMENT TO PRODUCE NOTES OF WITNESS INTERVIEWS** |
| Defendants. | |

Testimony from the Government's case agent suggests the inaccuracy of representations made to this Court about notes and witness statements in this matter. The Government wrongly withheld these notes and statements from the Defendants in violation of *Brady v. Maryland*, and its progeny and the Jencks Act. Consequently, the Court should dismiss the charges against Mr. Kesari or declare a nonsuit, vacate Mr. Kesari's previous conviction, and order other relief that is just and reasonable.

On Friday, October 9, 2015, counsel for Mr. Kesari was walking his dog on Water Street in Des Moines, near the Residence Inn. He believed he saw Government witness Kent Sorenson. During cross-examination, Mr. Sorenson confirmed that he had met with the Government on that day. Counsel for Mr. Benton engaged in the following exchange with the witness about that meeting:

Q. On Friday, the 9th, do you remember who you met with?

>A. Yes. I met with the same people that I have been meeting with.
>
>Q. Were people taking notes?
>
>A. I don't recall.
>
>Q. Were pads out?
>
>A. Yes.
>
>Q. And were people writing on those pads as you spoke to them?
>
>A. I would assume so, yes.

First Trial Tr. at 843.

Mr. Kesari subsequently brought this matter before the Court, alleging that the withholding of such notes violated Mr. Kesari's rights. The Court had the following colloquy with the Government:

>THE COURT: So first this is a Jencks question because it would be presumably Agent LoStracco's notes of any conversation with him and then it's what is the Supreme Court case on that -- is it Goldman or Goldberg -- that requires that in order for the statements to be Jencks, they have to be somehow adopted by the witness, and then you've got your theory that in these so far nonexistent notes it had to be Brady. Are there other notes, Mr. Kravis?
>
>MR. KRAVIS: No, Your Honor.
>
>THE COURT: So you can't produce what you don't have and if you've got some, he's in a lot of trouble right now.

First Trial Tr. at 860-61.

Finally, on Friday, April 29, 2016, FBI Agent Karen LoStracco testified under cross-examination as follows:

>Q. You met with Mr. Sorenson on many occasions; isn't that correct?

> A. Yes, that's correct.
>
> Q. And during some of those sessions, you took notes, right?
>
> A. Yes.
>
> Q. And during others of those sessions, you did not take notes, right?
>
> A. I think I usually take at least some notes. I don't recall an occasion where I didn't take notes. If I wasn't taking notes, somebody else was taking notes, meaning another agent.

Second Trial Tr. at 694. Since October, Mr. Sorenson has had at least one other meeting with the Government at which notes have not been produced to Defendants.

After a Government witness has testified, the Court shall, upon motion from the defense, order the United States to produce witness statements that relate to the subject matter as to which the witness has testified. 18 U.S.C. 3500(b). Moreover, due process requires prosecutors to disclose evidence that is material and favorable to an accused person. *Brady v. Maryland*, 373 U.S. 83 (1963). This requirement also applies to evidence that could be used to impeach a Government witness. *Giglio v. U.S.*, 405 U.S. 150, 154-55 (1972).

Mr. Sorenson has told multiple versions of the events at issue in this case.[1] Indeed, every time he has given sword testimony, his story has changed. The result is that Mr. Sorenson cannot speak to the Government about this case without contradicting one of his previous stories in some way, thus

---

[1] Mr. Kesari is willing to submit a supplemental brief on the conflicting stories told by Mr. Sorenson, if the Court so desires. It is probable, however, that the Court is well aware of such conflicting testimony from the evidence introduced at both trials.

creating material that must be produced to the Defendants under *Giglio*, 405 U.S. at 154-55. Even if the statements were not memorialized in tangible form, the Defendants are still entitled to a summary of the meeting between the Government and Mr. Sorenson. Indeed, the Second Circuit has held that:

> [T]he absence of such memorialization is determinative with respect to any obligation to disclose a witness's statements under the Jencks Act. The considerations under *Brady* and *Giglio*, however, are quite different. *Brady* and *Giglio* obligations, which apply only to material exculpatory and impeaching information, arise because it would be unfair to the defendant -- and might cast doubt on the reliability of the verdict -- for the trial to be conducted without informing the defendant of such information. The obligation to disclose information covered by the *Brady* and *Giglio* rules exists without regard to whether that information has been recorded in tangible form.

*United States v. Rodriguez*, 496 F.3d 221, 226 (2d Cir. 2007).

For the foregoing reasons, the Court should dismiss the Indictment against Mr. Kesari or order a nonsuit, vacate his prior conviction (as the violating happened prior to the previous trial), and order such other relief as is just and reasonable.

Dated: May 2, 2016

/s/Jesse R. Binnall
_____
Jesse R. Binnall
HARVEY & BINNALL, PLLC
717 King Street, Suite 300
Alexandria, Virginia  22314
(703) 888-1943
(703) 888-1930 – facsimile
jbinnall@harveybinnall.com
*Counsel for Dimitri Kesari*

**CERTIFICATE OF SERVICE**

    I certify that on May 2, 2016, a true and accurate copy of the foregoing was served via ECF, which will send copies to all counsel of record.

    /s/ Jesse R. Binnall
_____
Jesse R. Binnall
Susannah E. Smith
717 King Street, Suite 300
Alexandria, Virginia  22314
(703) 888-1943
(703) 888-1930 – facsimile
jbinnall@harveybinnall.com
ssmith@harveybinnall.com
*Counsel for Dimitri Kesari*